**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE No. 5:28-cr-00048-TBR**

UNITED STATES OF AMERICA                                        PLAINTIFF

v.

ZACHARY LAWSON                                                  DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Zachary Lawson's ("Lawson") Motion for Compassionate Release. [DN 38]. The government has responded. [DN 40]. Lawson has replied. [DN 41]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Lawson's Motion for Compassionate Release [DN 38] is **DENIED.**

### I. Background

On October 16, 2018, Lawson was indicted on one count of possession with intent to distribute methamphetamine and one count of conspiracy to distribute methamphetamine. [DN 10]. September 13, 2018, Lawson received approximately 1.5 pounds of methamphetamine to sell. [DN 29 at 5]. During a recorded phone call on September 20, 2018, Lawson stated he had not yet sold the methamphetamine. [*Id.*] The individual on the call told Lawson to return the methamphetamine to his source. [*Id.*] Lawson arrived at the home of his source and unloaded a 5-gallon bucket from the back and knocked on the door of the home. [*Id.*] DEA agents answered the door and placed Lawson under arrest. [*Id.*] Agents found several baggies containing methamphetamine in the bucket and $6,170 in Lawson's pocket. [*Id.*]

Lawson pleaded guilty to both counts on May 31, 2019. [DN 22]. He was sentenced to 18 months imprisonment and two years supervised release. [DN 32].

### II. Legal Standard

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

        (i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "Under the [First Step Act], courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Logan*, 2020 WL 730879, at *1 (W.D. Ky. Feb. 13, 2020).

When determining whether to grant compassionate release, courts must analyze the following factors: (1) whether extraordinary and compelling reasons warrant such a reduction; (2) the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 § U.S.C. § 3553(a). *United States v. Marshall*, 2020 WL 114437, * 1 (W.D. Ky. Jan 9, 2020) (citing 18 U.S.C. 3582(c)(1)(A)).

First, the Court must determine whether extraordinary and compelling reasons justify a sentence reduction. Congress has not defined what constitutes an "extraordinary and compelling" reason; however, it has charg'ed the Sentencing Commission with "describing what should be considered extraordinary and compelling reasons for sentence reductions, including the criteria to be applied and a list of specific examples." *United States v. Webster*, 2020 WL 618828, at *4 (E.D. Va. Feb. 10, 2020) (quoting 29 U.S.C. § 994(t)). The Sentencing Commission commentary

provides that extraordinary and compelling reasons may exist due to the defendant's medical condition:

A)  Medical Condition of the Defendant.
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is-
>> (I) suffering from a serious physical or medical condition,
>> (II) suffering from a serious functional or cognitive impairment, or
>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13.

### III. Discussion

### A.  Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, —— F.Supp.3d ——,2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by

defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *Marshall*, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Lawson has exhausted his administrative remedies. On June 12, 2020 he requested compassionate release. [DN 38-1]. Lawson received no response from the Warden. He filed this motion on July 23, 2020—more than 30 days after filing the request. Therefore, he has exhausted his administrative remedies.

## B.  Extraordinary and Compelling Reasons

In support of his motion, Lawson states, the prison is unable to protect inmates from the virus and he is at an increased risk for severe illness. The government argues Lawson's reasons are not extraordinary and compelling.

Lawson argues he is at a greater risk of severe illness from COVID-19 because he is overweight and an African American. He states he is 6'0" and 260 pounds with a body mass index of 36. The Centers for Disease Control ("CDC") has found that non-Hispanic Black persons are at a higher risk of getting COVID-19 or experiencing severe illness.[1] The CDC has also found those that are overweight—a body mass index of 30 or higher—are at an increased risk.[2] Lawson is currently being housed at Marion USP. Marion has had 144 positive cases and two inmates have died.[3] Lawson states he did contract COVID-19 on July 22, 2020 but did not provide any medical evidence supporting that statement. Although Marion has had a large number of cases, there are

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/racial-ethnic-minorities.html.
[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[3] https://www.bop.gov/coronavirus/;    https://www.wpsdlocal6.com/news/second-inmate-dies-after-testing-positive-for-covid-19-at-usp-marion/article_571ace56-d8cc-11ea-bd79-3f17c59c9b74.html.

currently only 3 inmates and 8 staff members with the virus.[4] At this time, there is no uncontrolled outbreak.

In *United States v. Knight,* Knight was 5'11" and weighed 315 pounds with a body mass index of 43.9. 2020 WL 3055987, * 3 (E.D. Mich. June 9, 2020). Knight had no other risk factors. FCI Elkton, where Knight was housed, had over four hundred inmates test positive. *Id.* Knight's bunkmate was one of the inmates that tested positive. *Id.* However, the Court found Knight's body mass index did not constitute extraordinary and compelling reasons for release. *Id.* The Court further found the conditions at FCI Elkton had improved despite the early outbreak. *Id.*

The Court finds the same to be true in Lawson's case. He does not argue he suffers from any medical conditions or is on any medication. His weight and race are not extraordinary and compelling reasons for release. Further, Marion USP is reporting much lower active numbers. Lawson has presented generalized fears about contracting the virus potentially for the second time. Even though his race would make him more susceptible to suffering a serious illness from the virus, that and his generalized fear are not enough to warrant release. *See Boyer v. United States,* 2020 WL 1978190, at *2 (D. Mass. Apr. 24, 2020) ("Defendant's generalized and systemic concern regarding the virulent pandemic is insufficient to qualify as a circumstance making this application exceptional and deserving of special treatment.").

Lawson has provided evidence of completion of the Drug Abuse Education, Parenting, Financial Peace University, and Exit Strategy courses. [DN 38-1 at PageID 186-189]. Lawson also has not had any discipline history in the last six months. [*Id.* at PageID 181]. He has shown a true desire to improve himself in preparation for his release. However, "rehabilitation is specifically excluded as an independent basis for compassionate release." *United States v. Wieber,* 2020 WL

---

[4] https://www.bop.gov/coronavirus/

1492907 *3 (W.D. Ky. March 27, 2020). His mother and ex-wife have also written letters stating how much they depend on Lawson and how he is needed by his family. The Court recognizes the hardship his family faces without him. However, these reasons do not meet the extraordinary and compelling reasons as stated in U.S.S.G. 1B1.13(C). The Court applauds all the actions Lawson has taken, but he is not eligible for release and his motion must fail.

### IV. Conclusion

For the above state reasons, **IT IS HEREBY ORDERED** that Lawson's Motion for Compassionate Relase [DN 38] is **DENIED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 2, 2020

cc: Zachary Lawson
    19501-033
    Marion Federal Satellite Camp
    P.O Box 1000
    Marion, IL 62959
    PRO SE